**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | |
|---|---|
| Trenton Indian Service Area,  )<br>a Federal Indian Service Area,  )<br>                                                   )<br>            Plaintiff,                     )<br>                                                   )<br>      vs.                                       )<br>                                                   )<br>Weldon B. Loudermilk, Director of Great  )<br>Plains Regional Office, Bureau of Indian  )<br>Affairs; Yvonne Larocque, Self  )<br>Determination Officer of the Office  )<br>of Self Determination, Great Plains  )<br>Regional Office, Bureau of Indian Affairs,  )<br>                                                   )<br>            Defendants.                 ) | **ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Civil No. 4:12-cv-143 |

Before the Court is the Trenton Indian Service Area's motion for a temporary restraining order. See Docket Nos. 1 and 2. For the reasons set forth below, the Court denies the motion.

On October 18, 2012, the Trenton Indian Service Area filed a complaint. Within the complaint, the Trenton Indian Service Area requests a preliminary injunction or, in the alternative, a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. See Docket No. 1, p. 1. Rule 65 provides that "[t]he court may issue a preliminary injunction *only* on notice to the adverse party," but may issue an ex parte temporary restraining order. Fed.R.Civ.P. 65(a)-(b) (emphasis added). The record reveals the defendants have not yet been served with the summons and complaint. As the adverse parties have not yet been served, the Court need only address the Trenton Indian Service Area's motion for a temporary restraining order. The motion for a preliminary injunction will be addressed after the defendants have been served and had an opportunity to respond to the motion.

Rule 65(b) of the Federal Rules of Civil Procedure permits injunctive relief without notice, but only if certain procedural requirements are observed by the moving party. Rule 65(b) provides, in relevant part, as follows:

> (1) ***Issuing Without Notice***. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>  (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1). Rule 65(b) permits ex parte relief "only if" the procedural requirements are satisfied. "The stringent restrictions imposed . . . by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 438-39 (1974). The record clearly reveals that Trenton Indian Service Area has failed to satisfy the requirements of Rule 65(b)(1).

The Trenton Indian Service Area failed to submit an affidavit setting forth the need for ex parte relief nor is the complaint verified. In addition, counsel for the Trenton Indian Service Area did not certify the efforts made to provide notice, or set forth the reason(s) why notice should not be required under the circumstances. It is well-established that the moving party has the burden to show it is entitled to injunctive relief under Rule 65 of the Federal Rules of Civil Procedure. Baker Elec. Coop, Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994). The Court finds that the Trenton

Indian Service Area has failed to demonstrate that ex parte injunctive relief is warranted pursuant to Rule 65(b).

## III. CONCLUSION

The Court has carefully reviewed the Trenton Indian Service Area's filings and the relevant law. For the reasons set forth above, the Court **DENIES** Trenton Indian Service Area's motion for a temporary restraining order (Docket Nos. 1 and 2).

**IT IS SO ORDERED**,

Dated this 23rd day of October, 2012.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court